# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLOQATE, LLC,<br><br>                Plaintiff,<br><br>   v.<br><br>DEALBASE CORPORATION; EXPEDIA, INC.; HOTWIRE, INC.; KAYAK SOFTWARE CORPORATION; LENDINGTREE, LLC; ORBITZ, LLC; PRICEGRABBER.COM, INC.; THE PROGRESSIVE CORPORATION; SHOPPING.COM, INC.; TRAVELOCITY.COM LP<br><br>                Defendants. | C.A. No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Alloqate, LLC ("Alloqate" or "Plaintiff") makes the following allegations against DealBase Corporation; Expedia, Inc.; Hotwire, Inc.; Kayak Software Corporation; LendingTree, LLC; Orbitz, LLC; PriceGrabber.com, Inc.; The Progressive Corporation; Shopping.com, Inc.; and Travelocity.com LP.

### PARTIES

1.    Plaintiff Alloqate is a California limited liability company with its principal place of business at 547 South Marengo Ave., Suite 104, Pasadena, CA 91101.

2.    On information and belief, DealBase Corporation ("DealBase") is a Delaware corporation with its principal place of business at 217 S B Street #4, San Mateo, CA 94401-

4039.  DealBase may be served through its registered agent Corporation Service Company, 2711 Centerville Rd., Ste. 400, Wilmington, DE 19808.

   3. On information and belief, Expedia, Inc. ("Expedia") is a Washington corporation with its principal place of business at 333 108th Ave. NE, Bellevue, WA 98004.  Expedia may be served through its registered agent National Registered Agents, Inc., 160 Greentree Dr., Ste. 101, Dover, DE 19904.

   4. On information and belief, Hotwire, Inc. ("Hotwire") is a Delaware corporation with its principal place of business at 333 Market St., Ste. 100, San Francisco, CA 94105-2146. Hotwire may be served through its registered agent National Registered Agents, Inc., 160 Greentree Dr., Ste. 101, Dover, DE 19904.

   5. On information and belief, Kayak Software Corporation ("Kayak") is a Delaware corporation with its principal place of business at 55 N Water St., Norwalk, CT 06854-2345. Kayak may be served through its registered agent Corporation Service Company, 2711 Centerville Rd., Ste. 400, Wilmington, DE 19808.

   6. On information and belief, LendingTree, LLC ("LendingTree") is a Delaware limited liability company with its principal place of business at 11115 Rushmore Dr., Charlotte, NC 28277-3442.  LendingTree may be served through its registered agent National Registered Agents, Inc., 160 Greentree Dr., Ste. 101, Dover, DE 19904.

   7. On information and belief, Orbitz, LLC ("Orbitz") is a Delaware limited liability company with its principal place of business at 200 S Wacker Dr., Ste. 1900, Chicago, IL 60606-5857.  Orbitz may be served through its registered agent Corporation Service Company, 2711 Centerville Rd., Ste. 400, Wilmington, DE 19808.


8. On information and belief, PriceGrabber.com, Inc. ("PriceGrabber") is a Delaware corporation with its principal place of business at 4859 W. Slauson Ave., Ste. 259, Los Angeles, CA 90056. PriceGrabber may be served through its registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

9. On information and belief, The Progressive Corporation ("Progressive") is a Ohio corporation with its principal place of business at 6300 Wilson Mills Rd., Mayfield Village, OH 44143-2109. Progressive may be served through its registered agent CT Corp., 1300 E. 9th Street, Cleveland, OH 44114.

10. On information and belief, Shopping.com, Inc. ("Shopping") is a Delaware corporation with its principal place of business at 8000 Marina Blvd., Fl. 5, Brisbane, CA 94005-1840. Shopping may be served through its registered agent National Registered Agents, Inc., 160 Greentree Dr., Ste. 101, Dover, DE 19904.

11. On information and belief, Travelocity.com LP ("Travelocity") is a Delaware limited partnership with its principal place of business at 3150 Sabre Dr., Southlake, TX 76092-2103. Travelocity may be served through its registered agent at Corporation Service Company, 2711 Centerville Rd., Ste. 400, Wilmington, DE 19808.

**JURISDICTION AND VENUE**

12. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendants have transacted business in this district, and have committed and/or induced acts of patent infringement in this district.

14. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Delaware and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,615,184

15. Plaintiff is the owner by assignment of United States Patent No. 6,615,184 ("the '184 Patent") entitled "System and Method for Providing Customers Seeking a Product or Service at a Specified Discount in a Specified Geographic Area with Information as to Suppliers Offering the Same" – including all rights to recover for past and future acts of infringement. The '184 Patent issued on September 2, 2003. A true and correct copy of the '184 Patent is attached as Exhibit A.

16. On information and belief, DealBase has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others, including customers of DealBase, of the '184 Patent in this judicial district, and elsewhere in the United States. Infringements by DealBase include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least an internet server and method of determining a supplier of a desired product corresponding to a user's desired discount, including but not limited to the server(s) supporting and the method practiced by using the "Deal Detector" feature on the dealbase.com website, infringing one or more claims of the '184 Patent. Also upon information and belief, DealBase knew or should have known that the Deal Detector feature on the dealbase.com website would induce

4

infringement by its customers. It is further alleged that DealBase has contributed to the infringement of the '184 Patent by engaging in such activities knowing that its website is especially made or especially adapted to be used in a method that infringes the '184 Patent, and which does not have a substantial non-infringing use. DealBase is thus liable for infringement of the '184 Patent under 35 U.S.C. § 271(a), (b) & (c).

17. On information and belief, Expedia has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others, including customers of Expedia, of the '184 Patent in this judicial district, and elsewhere in the United States. Infringements by Expedia include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least an internet server and method of determining a supplier of a desired product corresponding to a user's desired discount, including but not limited to the server(s) supporting and the method practiced by using the "Fare Alert" feature on the expedia.com website, infringing one or more claims of the '184 Patent. Also upon information and belief, Expedia knew or should have known that the Fare Alert feature on the expedia.com website would induce infringement by its customers. It is further alleged that Expedia has contributed to the infringement of the '184 Patent by engaging in such activities knowing that its website is especially made or especially adapted to be used in a method that infringes the '184 Patent, and which does not have a substantial non-infringing use. Expedia is thus liable for infringement of the '184 Patent under 35 U.S.C. § 271(a), (b) & (c).

18. On information and belief, Hotwire has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others, including customers of Hotwire, of the '184 Patent in this judicial district, and elsewhere in the

United States.  Infringements by Hotwire include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least an internet server and method of determining a supplier of a desired product corresponding to a user's desired discount, including but not limited to the server(s) supporting and the method practiced by using the "Trip Watcher" feature on the hotwire.com website, infringing one or more claims of the '184 Patent.  Also upon information and belief, Hotwire knew or should have known that the Trip Watcher feature on the hotwire.com website would induce infringement by its customers.  It is further alleged that Hotwire has contributed to the infringement of the '184 Patent by engaging in such activities knowing that its website is especially made or especially adapted to be used in a method that infringes the '184 Patent, and which does not have a substantial non-infringing use.  Hotwire is thus liable for infringement of the '184 Patent under 35 U.S.C. § 271(a), (b) & (c).

19.    On information and belief, Kayak has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others, including customers of Kayak, of the '184 Patent in this judicial district, and elsewhere in the United States.  Infringements by Kayak include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least an internet server and method of determining a supplier of a desired product corresponding to a user's desired discount, including but not limited to the server(s) supporting and the method practiced by using the "Price Alert" feature of the kayak.com website, infringing one or more claims of the '184 Patent.  Also upon information and belief, Kayak knew or should have known that the Price Alert feature on the kayak.com website would induce infringement by its customers.  It is further alleged that Kayak has contributed to the infringement of the '184 Patent

by engaging in such activities knowing that its website is especially made or especially adapted to be used in a method that infringes the '184 Patent, and which does not have a substantial non-infringing use.  Kayak is thus liable for infringement of the '184 Patent under 35 U.S.C. § 271(a), (b) & (c).

20. On information and belief, LendingTree has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others, including customers of LendingTree, of the '184 Patent in this judicial district, and elsewhere in the United States.  Infringements by LendingTree include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least an internet server and method of determining a supplier of a desired product corresponding to a user's desired discount, including but not limited to the server(s) supporting and the method practiced by using the "Mortgage Rate Alert" feature on the lendingtree.com website, infringing one or more claims of the '184 Patent.  Also upon information and belief, LendingTree knew or should have known that the Mortgage Rate Alert feature on the lendingtree.com website would induce infringement by its customers.  It is further alleged that LendingTree has contributed to the infringement of the '184 Patent by engaging in such activities knowing that its website is especially made or especially adapted to be used in a method that infringes the '184 Patent, and which does not have a substantial non-infringing use.  LendingTree is thus liable for infringement of the '184 Patent under 35 U.S.C. § 271(a), (b) & (c).

21. On information and belief, Orbitz has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others, including customers of Orbitz, of the '184 Patent in this judicial district, and elsewhere in the United

States.  Infringements by Orbitz include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least an internet server and method of determining a supplier of a desired product corresponding to a user's desired discount, including but not limited to the server(s) supporting and the method practiced by using the "DealDetector" feature of the orbitz.com website, infringing one or more claims of the '184 Patent.  Also upon information and belief, Orbitz knew or should have known that the DealDetector feature on the orbitz.com website would induce infringement by its customers.  It is further alleged that Orbitz has contributed to the infringement of the '184 Patent by engaging in such activities knowing that its website is especially made or especially adapted to be used in a method that infringes the '184 Patent, and which does not have a substantial non-infringing use.  Orbitz is thus liable for infringement of the '184 Patent under 35 U.S.C. § 271(a), (b) & (c).

22.     On information and belief, PriceGrabber has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others, including customers of PriceGrabber, of the '184 Patent in this judicial district, and elsewhere in the United States.  Infringements by PriceGrabber include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least an internet server and method of determining a supplier of a desired product corresponding to a user's desired discount, including but not limited to the server(s) supporting and the method practiced by using the "Price Alert" feature on the pricegrabber.com website, infringing one or more claims of the '184 Patent.  Also upon information and belief, PriceGrabber knew or should have known that the Price Alert feature on the pricegrabber.com website would induce infringement by its customers.  It is further alleged that PriceGrabber has

contributed to the infringement of the '184 Patent by engaging in such activities knowing that its website is especially made or especially adapted to be used in a method that infringes the '184 Patent, and which does not have a substantial non-infringing use.  PriceGrabber is thus liable for infringement of the '184 Patent under 35 U.S.C. § 271(a), (b) & (c).

23.    On information and belief, Progressive has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others, including customers of Progressive, of the '184 Patent in this judicial district, and elsewhere in the United States.  Infringements by Progressive include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least an internet server and method of determining a supplier of a desired product corresponding to a user's desired discount, including but not limited to the server(s) supporting and the method practiced by using the "Name Your Price" feature on the progressive.com website, infringing one or more claims of the '184 Patent.  Also upon information and belief, Progressive knew or should have known that the Name Your Price feature on the progressive.com website would induce infringement by its customers.  It is further alleged that Progressive has contributed to the infringement of the '184 Patent by engaging in such activities knowing that its website is especially made or especially adapted to be used in a method that infringes the '184 Patent, and which does not have a substantial non-infringing use.  Progressive is thus liable for infringement of the '184 Patent under 35 U.S.C. § 271(a), (b) & (c).

24.    On information and belief, Shopping has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others, including customers of Shopping, of the '184 Patent in this judicial district, and elsewhere in the United States.  Infringements by Shopping include, without limitation, making, using, offering

for sale, and/or selling within the United States, and/or importing into the United States, at least an internet server and method of determining a supplier of a desired product corresponding to a user's desired discount, including but not limited to the server(s) supporting and the method practiced by using the "Price Alert" feature on the shopping.com website, infringing one or more claims of the '184 Patent.  Also upon information and belief, Shopping knew or should have known that the Price Alert feature on the shopping.com website would induce infringement by its customers.  It is further alleged that Shopping has contributed to the infringement of the '184 Patent by engaging in such activities knowing that its website is especially made or especially adapted to be used in a method that infringes the '184 Patent, and which does not have a substantial non-infringing use.  Shopping is thus liable for infringement of the '184 Patent under 35 U.S.C. § 271(a), (b) & (c).

25.  On information and belief, Travelocity has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others, including customers of Travelocity, of the '184 Patent in this judicial district, and elsewhere in the United States.  Infringements by Travelocity include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least an internet server and method of determining a supplier of a desired product corresponding to a user's desired discount, including but not limited to the server(s) supporting and the method practiced by using the "FareWatcher Plus" feature on the travelocity.com website, infringing one or more claims of the '184 Patent.  Also upon information and belief, Travelocity knew or should have known that the FareWatcher Plus feature on the travelocity.com website would induce infringement by its customers.  It is further alleged that Travelocity has contributed to the infringement of the '184 Patent by engaging in such activities knowing that its

website is especially made or especially adapted to be used in a method that infringes the '184 Patent, and which does not have a substantial non-infringing use.  Travelocity is thus liable for infringement of the '184 Patent under 35 U.S.C. § 271(a), (b) & (c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

    A.  A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '184 Patent;

    B.  A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '184 Patent;

    C.  A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '184 Patent as provided under 35 U.S.C. § 284;

    D.  A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

    E.  Any and all other relief to which Plaintiff may show itself to be entitled.

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

| | |
|---|---|
| May 9, 2011 | BAYARD, P.A. |
| | |
| | */s/ Richard D. Kirk (rk0922)* |
| **OF COUNSEL:** | Richard D. Kirk (rk0922) |
| | Stephen B. Brauerman (sb4952) |
| Gregory P. Love | 222 Delaware Avenue, Suite 900 |
| Scott E. Stevens | P.O. Box 25130 |
| Darrell G. Dotson | Wilmington, DE 19899-5130 |
| Todd Y. Brandt | rkirk@bayardlaw.com |
| Stevens Love | sbrauerman@bayardlaw.com |
| 111 West Tyler Street | (302) 655-5000 |
| PO Box 3427 | |
| Longview, Texas 75606 | ***Counsel for Plaintiff Alloqate, LLC*** |
| (903) 753–6760 | |
| greg@stevenslove.com | |
| scott@stevenslove.com | |
| darrell@stevenslove.com | |
| todd@stevenslove.com | |

Andrew W. Spangler
Spangler Law, PC
208 N Green St., #300
Longview, Texas 75601-7312
(903) 753-9300